*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY SERRATOS, as Next Friend to RS, Minor

Plaintiff-Appellant,

v

FRANKENMUTH MUTUAL INSURANCE COMPANY,

Defendant,

and

DONNA WALL and GARY WALL,

Defendants-Appellees.

UNPUBLISHED
July 17, 2026
9:44 AM

No. 374951
Oakland Circuit Court
LC No. 2024-206447-NI

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this negligence action, plaintiff, RS, a minor, through his next friend, Amy Serratos, appeals by right the trial court's order granting defendants[1] Donna and Gary Wall's motion for summary disposition under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On November 22, 2022, thirteen-year-old RS was hit by a pickup truck while crossing a street near his school in Waterford. He was walking along a sidewalk parallel to Civic Center Drive, toward the parking lot of a nearby church, where he was to be picked up by his neighbor, Heather Mitchell. At the time, there was a line of cars stopped at a red light in the lane closest to RS. RS saw Mitchell's car parked in the church's parking lot, so he decided to "get to the car faster" by cutting across the street instead of using the crosswalk. He walked between two large

---

[1] By stipulation of the parties, plaintiff's claims against defendant Frankenmuth Mutual Insurance Company were dismissed with prejudice, and Frankenmuth Mutual is not a party to this appeal.

vehicles that were stopped at the light, and then he was struck by the pickup truck driving in the opposite lane of traffic. RS testified that he was "[w]alking at a somewhat fast pace" and that he looked both ways before crossing into the lane of stopped traffic but did not stop before continuing into the opposite lane of traffic. He did not see the oncoming vehicle until he looked to the right just a "split second" before the accident, so he "didn't really have any time to react."

The driver's-side corner of the pickup struck RS on his right side. His head hit the vehicle, and he fell to the ground. RS testified that he lost consciousness for a few seconds, then woke up in the grass on the side of the road nearest to the church, but three other eyewitnesses testified that he stood up and limped out of the road before collapsing on the grass. He was bleeding from his head, wrists, and knees. Paramedics responded to the scene and transported RS to a hospital for treatment. RS testified that he suffered from a concussion, bruised wrists and knees, fluid in his knees, and a fractured tailbone.

Defendant Donna Wall was driving the pickup at the time of the accident; the vehicle was owned by her husband, defendant Gary Wall. Donna testified that she was stopped at a red light on an intersecting road, and she turned left onto Civic Center Drive after her traffic light changed to green. She did not see any traffic in her lane after she completed the turn. She was familiar with driving on Civic Center Drive, and she was aware that school had just ended. She did not know the exact speed limit on Civic Center Drive and did not see any signs posted about the speed limit, but she believed that the speed limit in a school zone was normally 25 miles per hour. She believed that she was driving under that limit—about 15 miles per hour—because she completed her turn at about two miles per hour, and she had only driven straight for about two car-lengths before the accident.

Donna testified that "a young man darted out from between a line of cars that were at the light," and "[i]t happened too fast for [her] to stop." Aside from the line of cars stopped at the light on Civic Center Drive, there was nothing else to obstruct her view. She testified that as she was accelerating out of her left turn, she saw RS and slammed on her brakes. The impact dented the hood of the pickup. After the impact, she parked, shut off, and exited the pickup, and she then saw that RS was crawling on the grass. She testified that when she checked to see if he was okay, he told her "I'm sorry. I didn't see you."

Watership Township Police Officer Kolton Decker responded to the accident and prepared a crash report. When he arrived, he spoke with RS, who complained of head and leg pain. Officer Decker marked in the crash report that RS was transported to the hospital "with suspected severe injuries." After speaking with Donna and two eyewitnesses, Melinda Maxwell and Traci Donnelly, he concluded that RS had darted out from between the stopped cars and left Donna no time to stop. He also marked in the crash report that RS had "failed to yield," meaning that RS was at fault for the accident, but Officer Decker did not issue a citation to RS because of his age. During his investigation, Officer Decker did not hear anyone say that Donna had been speeding at the time of the accident.

On March 27, 2024, plaintiff filed a negligence claim against defendants, alleging that Donna had driven the pickup without reasonable care and caution and that Gary, as the vehicle's owner, was also liable for damages caused by the negligent operation of the vehicle. The trial court set the deadline for dispositive motions as November 22, 2024. On November 19,

-2-

defendants moved for summary disposition under MCR 2.116(C)(10). Attached to the motion were the complaint, excerpts from several depositions, the crash report, and RS's relevant medical records.[2] A hearing on the motion was scheduled for December 18. On December 4, plaintiff filed a request for defendants to produce the vehicle to plaintiff's expert for an inspection, which was scheduled for December 11.[3]

Plaintiff's counsel requested that defendants' counsel adjourn the hearing on the motion. Meanwhile, on December 11, plaintiff filed a response to defendants' motion that did not address the merits of the motion. Instead, plaintiff merely stated that the vehicle inspection, which began that day and was expected "to continue in the coming weeks," was "essential to the Plaintiff's ability to fully and adequately respond to the Defendant's Motion." Plaintiff described defendant's motion as "premature," and explained that "it is Plaintiff's understanding that Defendant is in the process of rescheduling the hearing on this Motion to allow for the completion of the inspection and any related discovery." Plaintiff requested that the trial court "defer ruling on the Motion" until the inspection was completed. Later that afternoon, defendants' counsel responded that she was unable to reschedule the hearing. The next day, on December 12, plaintiff filed a second response to defendants' motion, which more substantively addressed the merits of defendants' motion, but which again argued that the inspection was a "vital part" of responding to the motion and that the motion was therefore premature.

On December 17, the trial court granted defendants' motion for summary disposition without a hearing. In its written opinion and order, the trial court mentioned only plaintiff's first response, not the second. It granted the motion for summary disposition because "the evidence presented indicates Defendant was not negligent" and because plaintiff did not "file a substantive response" and had therefore "fail[ed] to sufficiently present documentary evidence establishing a genuine issue regarding any material fact." Plaintiff moved for reconsideration. Plaintiff requested that the trial court accept the "supplemental response," noting that "[t]his supplemental response provided additional details regarding the incomplete inspection and the necessity of further discovery to adequately respond to the motion," and asked the court to defer ruling on the motion until the inspection was completed. The trial court denied the motion. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition without considering plaintiff's second response to the motion. We hold that the trial

---

[2] Defendants argued in the motion that (1) Donna was not negligent; (2) the sudden emergency doctrine applied; (3) plaintiff was statutorily barred from recovery because he was more than 50% at fault for the accident; and (4) plaintiff did not suffer a serious impairment under MCL 500.3135.

[3] The deadline for discovery was October 24, 2024. Plaintiff acknowledges that the scheduling of the inspection occurred after the close of discovery but asserts that "the inspection date had been agreed to by the parties."

court did not abuse its discretion by refusing to consider plaintiff's tardy response, nor did it err by ultimately granting summary disposition.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant a motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "In evaluating such a motion, a court considers the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, and any other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

The trial court has discretion in deciding whether to accept any additional or supplemental briefs filed in connection with a motion for summary disposition. MCR 2.116(G)(1)(a)(*iv*). It also has the discretion to accept or reject an untimely brief. *Richter v Dep't of Natural Resources*, 172 Mich App 658, 661; 432 NW2d 393 (1988). We review discretionary issues for an abuse of discretion. *Lease Acceptance Corp v Adams*, 272 Mich App 209, 222; 724 NW2d 724 (2006). "Therefore, as long as the trial court's decision falls within a range of principled outcomes, the decision on that subissue must be affirmed." *Id*. at 223 (quotation marks and citation omitted).

## B. SUPPLEMENTAL RESPONSE

The trial court did not abuse its discretion by deciding defendant's motion without considering plaintiff's supplemental response.

A response to a motion for summary disposition "must be filed and served at least 7 days before the hearing," unless the trial court specifies a different deadline. MCR 2.116(G)(1)(a)(*ii*). After the nonmovant files his response, the moving party may file a reply brief, but "no additional or supplemental briefs may be filed without leave of the court." MCR 2.116(G)(1)(a)(*iii*) and (*iv*).

In this case, the hearing on defendants' motion for summary disposition was scheduled for December 18, 2024, so the deadline for plaintiff's response was December 11. Plaintiff's initial response was filed on that date, but the second response was filed the day after. The second response does not identify itself as a supplemental brief, but plaintiff later characterized it as supplemental in the motion for reconsideration. Regardless of whether the second response is framed as an untimely amendment of the initial response or as a supplemental brief, the trial court had discretion in deciding whether to accept or reject it. See *Richter*, 172 Mich App at 661; MCR 2.116(G)(1)(a)(*iv*).

Plaintiff's first response did not address the merits of defendants' motion because, according to plaintiff, he could not "fully and adequately respond" to the motion until the vehicle inspection was completed. But defendants' motion was filed *before* the inspection was scheduled, and it made no reference to a planned inspection. The only reference to the pickup's condition in the supporting evidence attached to the motion was the crash report's indication that the pickup had "Minor Damage." Plaintiff's first response did not articulate *how* an incomplete inspection would prevent him from responding to the motion, and the fact that plaintiff filed a more

substantive response just a day later belies that position. We see no reason why the arguments and evidence presented in the second response could not have been included in the first response. The only change in circumstance between the first and second response was that plaintiff learned that defendants would not stipulate to adjourn the hearing, but the mere possibility or expectation that an opposing party would agree to adjourn is not good cause to defer making a substantive response to a motion until after the filing deadline. And despite the delays, neither response contained a proper motion to adjourn[4] or motion for leave to file a supplemental brief. Under these circumstances, we hold that the trial court did not abuse its discretion when it ruled on the motion without considering the inexplicably tardy response.[5]

## C. SUMMARY DISPOSITION ON THE MERITS

Moreover, we conclude that the trial court properly granted defendants' motion for summary disposition on the merits. "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

The mere fact that an accident occurred is insufficient to impose liability for negligence. *Kerr v City of Detroit, Dep't of Street Railways*, 255 Mich 446, 448-449; 238 NW 190 (1931). But negligence may be inferred from the defendant's actions before the accident, such as driving at an excessive speed. *Hunt v Freeman*, 217 Mich App 92, 99; 550 NW2d 817 (1996).

The evidence presented to the trial court demonstrated as a matter of law that Donna was not negligent. The crash report indicated that the speed limit on Civic Center Drive was 25 miles per hour, but that speed was not posted. Donna assumed that the speed limit was 25 miles per hour, and she testified that she was driving about 15 miles per hour and accelerating out of her left turn when the accident occurred. There was no admissible evidence to the contrary, nor was there

---

[4] The responses requested that the trial court "defer ruling on the Motion," but that request was not presented as a motion to adjourn and did not specify whether previous adjournments had been granted as required under MCR 2.503(B)(2)(c). Furthermore, an adjournment due to the unavailability of evidence—in this case, the inspection results—may only be granted "if the court finds that the evidence is material and that diligent efforts have been made to produce the . . . evidence." MCR 2.503(C)(2). The responses did not explain how the inspection results were material or whether diligent efforts were made to complete the inspection, especially given that (1) the discovery deadline had already passed, and (2) plaintiff scheduled the inspection to begin on the deadline for his response to the motion, which would leave him very little time to prepare a response even if the inspection were completed that same day.

[5] We note that it was not clear from the trial court's written opinion and order granting the motion whether it was aware that plaintiff had filed a second response. In any event, ruling on the motion without considering the second response fell within a range of principled outcomes and was therefore not an abuse of discretion. See *Lease Acceptance Corp*, 272 Mich App at 223.

any evidence that Donna had failed to drive at a "careful and prudent" speed that was "reasonable and proper" as required under the basic speed law.[6]

Maxwell, Donnelly, and Officer Decker did not know Donna's exact speed, but they all testified that she did not have time to stop before the accident. What is considered a "careful and prudent" or "reasonable and proper" speed is determined by the conditions *existing at the time*. MCL 257.627(1). Until a split second before the accident, Donna's lane of traffic was clear. She was just coming out of a left turn when plaintiff darted into her lane, and Donna immediately "slamm[ed] on the brakes." Under these circumstances, there is no genuine issue of material fact as to whether Donna was driving at a reasonable speed, and there is no evidence that she had violated any other law or otherwise breached a duty to RS.

Situations such as these also justify applying the sudden-emergency doctrine, which modifies the expected standard of care in an emergency situation:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [*Vsetula v Whitmyer*, 187 Mich App 675, 681; 468 NW2d 53 (1991) (quotation marks and citation omitted).]

To constitute an "emergency" for the purpose of this doctrine, the hazard must be "unusual," meaning that it "varies from the everyday traffic routine confronting a motorist," or "unsuspected," meaning that "the potential peril had not been in clearview for any significant length of time, and was totally unexpected." *Vander Laan v Miedema*, 385 Mich 226, 232; 188 NW2d 564 (1971).

The evidence before the trial court presented no genuine dispute that the hazard was unsuspected. Donna's lane was clear until the moment that RS darted out from between a line of cars, and Maxwell, Donnelly, and Officer Decker all testified that she had no time to stop. Donna's instinctive reaction was to slam on the brakes. Even if she could have avoided the accident by swerving or driving even more slowly to begin with, the sudden-emergency doctrine protects her from being found liable just because those options were available in hindsight.

The law expects prudence, not perfection. The evidence proffered in defendants' motion shows that Donna was driving carefully when she was faced with a sudden emergency, resulting in an unfortunate accident that she could not have reasonably avoided. Defendants were entitled

---

[6] See MCL 257.627(1). Generally, when the speed limit is not posted, the basic speed law dictates the applicable speed limit. MCL 257.627(12).

to judgment as a matter of law on this basis.[7]  Accordingly, the trial court did not err when it granted defendants' motion for summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[7] Because Donna did not operate the vehicle in a negligent manner, Gary could not be found liable as the vehicle's owner.  See MCL 257.401(1).